## Conner, Appellant, v. Ambridge Borough.

*Boroughs—Public contract—Mistake—Sewer.*

Where a contractor bids on a sewer contract for a borough at $1.32 per foot, and a contract is duly prepared by the clerk of the borough council in conformity with the bid and signed by the contractor, he cannot thereafter allege that he had made a mistake and that he intended to write $1.82 per foot, if it appears that the borough knew nothing of the mistake.

In such a case it is immaterial that the borough engineer prepared an estimate on the basis of $1.82 per foot, and that the warrant was drawn on such estimate, if it appears that the borough authorities did not authorize the payment of such warrant.

Argued May 9, 1916.   Appeal, No. 118, April T., 1916, by plaintiff, from judgment of C. P. Beaver Co., Dec. T., 1914, No. 378, for defendant n. o. v. in case of J. L. Conner v. Ambridge Borough.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a contract for the construction of a sewer.   Before HOLT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,006.00.   Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Lawrence M. Serbing,* for appellant.

*David K. Cooper,* with him *Robert Ritchie,* for appellee.

OPINION BY HENDERSON, J., July 18, 1916:
This action was brought to recover a balance alleged

to be due on a contract for the construction of a sewer. The plaintiff admits that his bid on the work was $1.32 per foot; that this bid was presented in writing to the council and it is not disputed that the contract was prepared by the clerk of the council in conformity with the bid and signed by the plaintiff. The plaintiff alleges, however, that he made a mistake in the amount in preparing his bid; that he intended to write $1.82 per foot instead of $1.32 per foot and he seeks to reform the contract by showing a mutual mistake in the making of it. The obstruction in his way is that there was no mistake on the part of the defendant. All the borough council knew in regard to the price to be charged was what the plaintiff stated in his bid. Several other proposals were made for the same work and in the comparison of bids by the council it was ascertained that the plaintiff was the lowest bidder; whereupon, the contract was awarded to him. There is no evidence in the case which tends to show that the council knew at the time of the acceptance of the bid that the plaintiff intended to charge a larger amount than that stated in the proposal which he filed or that any mistake had been made by him in fixing a price different from that which he had in mind. If a mistake was made it was that of the plaintiff alone. Testimony was introduced showing that when the work was partly completed the borough engineer prepared an estimate of the amount of work done in which estimate he computed the sum on the basis of $1.82 a foot, and a warrant was issued by the borough clerk for the first payment on the basis of this computation. The borough engineer states, however, that he obtained the price from the plaintiff; that the records were not at hand and he made the computation on what the plaintiff said was his contract price. The action of the engineer was not binding on the defendant, however. He did not have authority to change the contract nor to impose an obligation on the defendant which it had not assumed. Whatever may have been the source of his information with

regard to the amount due under the contract it is an admitted fact that the only contract entered into by the borough with the plaintiff fixed the compensation at $1.32 per foot. No action was taken by the council which authorizes the payment of any other sum if it be admitted that the council could subsequently change the contract. The plaintiff may have been unfortunate in his venture but that must be attributed to his failure to state in his bid what he intended to charge for the work. There is an entire absence of evidence that the borough had any understanding at the time the contract was entered into that he had any other price in mind than that stated and there was therefore no mutual mistake nor was there any basis on which a reformation of the contract could be made to stand.

The judgment is affirmed.